Filed 2/25/21  P. v. McKissick CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> JOSEPH AARON MCKISSICK, <br><br>     Defendant and Appellant. | A161348 <br><br> (Alameda County <br> Super. Ct. No. 17CR19342B) |

On February 8, 2018, defendant Joseph Aaron McKissick pled no contest to one count of second degree robbery (Pen. Code, § 211) with an enhancement for personal use of a firearm (Pen. Code[1], § 12022.5, subd. (a)).  Pursuant to the plea agreement, the trial court sentenced defendant to eight years in state prison.

On August 20, 2020, defendant filed a petition pursuant to section 1170.22, requesting recall and resentencing or dismissal of his conviction.  The trial court denied the petition, reasoning that section 1170.22 relief was unavailable to defendant because that statute related to individuals previously convicted of

---

[1] All further undesignated statutory references are to the Penal Code.

1

violating section 647f (former section 647f added by Stats. 1988, ch. 1597, § 1 and repealed by Stats. 2017, ch. 537, § 8, effective January 1, 2018) (section 647f).

Appellant's counsel filed an opening brief asking that this court conduct an independent review of the record for arguable issues—i.e., those that are not frivolous, as required by *People v. Wende* (1979) 25 Cal.3d 436. Counsel also informed appellant that he had the right to file a supplemental brief on her own behalf, but appellant declined to do so. Undertaking a discretionary review, we agree with appellant's counsel that there are no meritorious issues and affirm the judgment.

## I.    BACKGROUND

Defendant, an inmate at the California Men's Colony in San Luis Obispo, filed a petition pursuant to section 1170.22 on August 20, 2020. He checked a box stating that he waived his right to be present at any hearing on the matter and he agreed that the petition could be heard without his appearance.

In the handwritten portion of his section 1170.22 petition, defendant admitted that he had been convicted of second degree robbery with a firearm enhancement, and he stated that he sought "a modification of his current state prison sentence based on his rehabilitation, academic achievements and the high risk of being effected [sic] with Covid 19." He did not allege that he had been convicted of violating section 647f.

The trial court denied the petition in a written order dated October 20, 2020. In so ruling, the court found that section 1170.22 was inapplicable to defendant, as that statute provides

relief to petitioners convicted of violating section 647f " 'as it read on December 31, 2017.' " Defendant, the court noted, was not convicted of violating section 647f. The court also rejected the petition insofar as it raised concerns regarding the COVID-19 pandemic; the court declined to treat the section 1170.22 petition as a petition for a writ of habeas corpus, explaining that a habeas petition challenging the conditions of an inmate's confinement would be more properly filed in the county in which the inmate is confined.

Defendant appealed.

## II.    DISCUSSION

Appellant's counsel filed a *Wende* brief, requesting that we independently review the record to determine whether it contains any arguable issues for appeal. As counsel recognizes, we are not required to undertake an independent review of the denial of a post-conviction request for relief under *People v. Wende, supra*, 25 Cal.3d 436, but nothing prohibits us from exercising our discretion to do so. (*People v. Flores* (2020) 54 Cal.App.5th 266, 268.) We have chosen to conduct a discretionary *Wende* review. Having reviewed the records documenting defendant's conviction, defendant's section 1170.22 petition, and the trial court's order, we find that there are no meritorious issues to be argued.

Section 1170.22, subdivision (a) provides: "A person who is serving a sentence as a result of a violation of Section 647f as it read on December 31, 2017, whether by trial or by open or negotiated plea, may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in

3

his or her case." As explained in *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 263, section 1170.22 sets forth a "petition procedure to recall or dismiss sentences, vacate convictions, and obtain resentencing for persons serving sentences for engaging in prostitution with [a] prior prostitution conviction and knowledge of positive acquired immunodeficiency syndrome (AIDS) test results."

The trial court did not err in finding section 1170.22 relief unavailable to defendant, who was not convicted of violating section 647f. Nor did the court err in declining to treat the petition's allegations with respect to COVID-19 as a petition for a writ of habeas corpus, as the court correctly noted that such a petition "may be more properly heard" by the court in the county in which the petitioner is confined. (Cal. Rules of Court, rule 4.552(b)(2)(B).)

Having examined the record to ensure that appellant receives effective appellate review, we find no basis to reverse the dismissal of his petition. (*Wende, supra,* 25 Cal.3d 436.)

### III. DISPOSITION

The judgment is affirmed.

BROWN, J.


WE CONCUR:

POLLAK, P. J.
STREETER, J.


*People v. McKissick* (A161348)

4